**IN THE IOWA DISTRICT COURT FOR POLK COUNTY**

| | |
|---|---|
| **ESSENCE WELCH,**<br><br>     Plaintiff,<br><br>vs.<br><br>**Daniel Dempsey, individually and in his official capacity as a law enforcement officer for the Des Moines, Iowa Police Department; DANA WINGERT, individually and in his official capacity as Chief of Police for the Des Moines, Iowa Police Department; CITY OF DES MOINES, IOWA,**<br><br>     Defendant. | **Case No. LACL148045**<br><br><br><br>**AMENDED PETITION AT LAW and JURY DEMAND** |

**COME NOW** the Plaintiff, Essence Welch, by and through the undersigned counsel, and for her causes of action, respectfully state the following:

### PARTIES

1. Plaintiff Essence Welch is an African-American United States citizen and was a resident of Des Moines, Polk County, Iowa at all times relevant to the events complained of herein.

2. Defendant Daniel Dempsey is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Des Moines, Iowa Police Department at all times relevant to the events complained of herein.

3. Defendant Dana Wingert is believed to be a citizen and resident of Iowa and at all times relevant to the events complained of herein, was employed as the Chief of Police of the City of Des Moines Police Department.

1

4. Defendant City of Des Moines, Iowa is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 400 East First Street, Des Moines, Polk County, Iowa. Defendant City is responsible for maintaining and operating the Des Moines Police Department.

## JURISDICTION AND VENUE

5. Venue is proper in the District Court for Polk County pursuant to Iowa Code §669.4(1) as the district in which Plaintiff resides and/or in which the acts and omissions complained of occurred.

6. Subject matter jurisdiction of the District Court for Polk County is proper pursuant to Iowa Code § 602.6101.

7. The amount in controversy exceeds the jurisdictional amount.

## GENERAL FACTUAL ALLEGATIONS

8. All events complained of herein occurred in Polk County, Iowa.

9. On May 30, 2020, Ms. Welch took part in a peaceful protest in downtown Des Moines, Iowa, in the wake of George Floyd's murder.

10. Around 9:30pm, a group of protestors were gathered near the corner of 6th Avenue and Cherry Street.

11. Ms. Welch was peacefully protesting.

12. Dozens of law enforcement personnel were present in the vicinity.

13. Ms. Welch moved to the side of the main group of protesters and was observing more law enforcement arrive.

14. There was no curfew in effect on May 30, 2020.

15. Ms. Welch was violating no laws.

16. Ms. Welch was not being violent or threatening.

17. Without warning, a Des Moines Police officer, Defendant Daniel Dempsey, stepped from behind a group of at least seven officers, walked several yards to where Ms. Welch was standing, and shot her with pepper spray directly in her face and down her body.

18. Neither Defendant Dempsey, nor any of the other officers nearby, said anything to Ms. Welch prior to when Defendant Dempsey sprayed her.

19. Ms. Welch was given no order to disperse prior to being sprayed by Defendant Dempsey.

20. Ms. Welch suffered severe pain and burning all over her body as a result.

21. It is well established that law enforcement cannot use pepper spray under these circumstances. *See Davis v. City of Albia*, 434 F. Supp. 2d 692, 707 (S.D. Iowa 2006). Law enforcement was on notice that it is unconstitutional to use chemical spray when an individual has broken no law and is not threatening anyone.

22. Des Moines Police officers repeatedly pepper sprayed another young woman in the early morning hours of May 31, 2020. This woman likewise was not violating any laws or acting in a violent or threatening manner.

23. Des Moines Police officers pepper sprayed a young man in the early morning hours of May 31, 2020. This man likewise was not violating any laws or acting in a violent or threatening manner.

24. Des Moines Police officers pepper sprayed a Des Moines Register reporter who was attempting to comply with commands to disperse on June 1, 2020.

## CAUSES OF ACTION

### COUNT 1
### EXCESSIVE FORCE
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 4th AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Against Defendant Daniel Dempsey, Individually)

25. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

26. Defendant Daniel Dempsey is a person for the purpose of a Section 1983 action for damages and this Count is brought against him/her in his/her individual capacity.

27. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law a law enforcement officer for the Des Moines, Iowa Police Department.

28. The force used by Defendant Dempsey was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30. Defendants demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

31. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Ms. Welch's civil rights, justifying an award of punitive damages.

32. As a direct and proximate result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of her constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendant as follows:

   a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

   b. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

   c. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

   d. Punitive damages; and

   e. Any other relief the Court deems just and equitable.

## COUNT 2
## EXCESSIVE FORCE
## CIVIL RIGHTS VIOLATION OF ARTICLE I, § 8 OF THE IOWA CONSTITUTION
## (Against Defendant Daniel Dempsey, Individually)

33. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

34. This Count is alleged against Defendant in his/her individual capacity.

35. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department.

36. The force used by Defendant Dempsey was excessive and applied maliciously and sadistically for the purpose of causing harm and not in a good faith effort to achieve a legitimate purpose.

37. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

38. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

39. Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's violation of her constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

40. As a direct and proximate result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of her constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    b. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

    c. Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    d. Punitive damages; and

    e. Any other relief the Court deems just and equitable.

### COUNT 3
### RETALIATION
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF 1st AMENDMENT TO THE UNITED STATES CONSTITUTION
### (Against Defendant Daniel Dempsey, Individually)

41. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

42. Defendant Dempsey is a person for the purpose of a Section 1983 action for damages and this Count is brought against him/her in his/her individual capacity.

43. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department.

44. Ms. Welch was exercising her First Amendment rights by assembling with her fellow citizens and engaging in political speech.

45. Defendant violated Ms. Welch's clearly established federal constitutional rights by shooting her with pepper spray in retaliation for her exercise of her First Amendment rights.

46. Retaliation was a substantial or motivating factor for Defendant's decision to shoot Ms. Welch with pepper spray.

47. Defendant would not have shot Ms. Welch with pepper spray but for his/her retaliatory motive.

48. Similarly situated individuals who were not engaged in the same sort of protected activity as Ms. Welch were not shot with pepper spray.

49. Defendant demonstrated a deliberate indifference to and reckless disregard of Ms. Welch's civil and constitutional rights.

50. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Ms. Welch's civil rights, justifying an award of punitive damages.

51. As a direct and proximate result of the Defendant's illegal and unjustified conduct, Ms. Welch was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of her constitutional rights;
   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;
   c. Actual and Compensatory Damages;
   d. Punitive damages;
   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and
   f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

c. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d. Injunctive relief enjoining Defendants from committing further constitutional violations;

e. Punitive damages; and

f. Any other relief the Court deems just and equitable.

## COUNT 4
## RETALIATION
## CIVIL RIGHTS VIOLATION OF ARTICLE I, § 7 OF THE IOWA CONSTITUTION
## (Against Defendant Dempsey, Individually)

52. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

53. This Count is alleged against Defendant in his/her individual capacity.

54. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law as a law enforcement officer for the Des Moines, Iowa Police Department.

55. Ms. Welch was exercising her article I, § 7 rights by assembling with her fellow citizens and engaging in political speech.

56. Defendant violated Ms. Welch's clearly established state constitutional rights by shooting her with pepper spray in retaliation for her exercise of her article I, § 7 rights.

9

57. Retaliation was a substantial or motivating factor for Defendant's decision to shoot Ms. Welch with pepper spray.

58. Defendant would not have shot Ms. Welch with pepper spray but for his/her retaliatory motive.

59. Similarly situated individuals who were not engaged in the same sort of protected activity as Ms. Welch were not shot with pepper spray.

60. Defendant demonstrated a deliberate indifference to and reckless disregard of Ms. Welch's civil and constitutional rights.

61. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Ms. Welch's civil rights, justifying an award of punitive damages.

62. Ms. Welch hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's violation of her constitutional rights was oppressive, conniving, harsh, cruel, and/or tyrannical.

63. As a direct and proximate result of the Defendant's illegal and unjustified conduct, Ms. Welch was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of her constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

c. Plaintiff's cost in this action, including reasonable attorney's fees and costs;

d. Injunctive relief enjoining Defendants from committing further constitutional violations;

e. Punitive damages; and

a. Any other relief the Court deems just and equitable.

## COUNT 5
## DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
## VIOLATION OF 1st, 4th, 5th & 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION
## (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

64. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

65. Defendants Wingert and City of Des Moines, Iowa are persons for the purposes of a Section 1983 action for damages.

66. At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

67. Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns,

practices, and/or customs of the Des Moines Police Department for use of pepper spray and use of force, generally.

68. Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

69. As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

70. Defendants violated Plaintiff's federal constitutional rights by:

   a. permitting City of Des Moines police officers to violate the constitutional rights of citizens;

   b. ratifying and approving the unlawful use of force against citizens;

   c. failing to enforce policies and implement policies preventing the unlawful use of force against citizens;

   d. tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

   e. failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

   f. failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

   g. failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

   h. failing to train and/or supervise properly Defendant Dempsey in the constitutional requirements for use of pepper spray;

   i. failing to implement adequate maintenance training and properly focused maintenance training.

63. Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

71. The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

72. Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

73. Defendants' failure to train and supervise Defendant Dempsey caused the violations of Plaintiffs' constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives

74. As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what she has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of her constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

   f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

   f. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

g. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

h. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

i. Punitive damages; and

j. Any other relief the Court deems just and equitable.

### COUNT 6
### DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING AND SUPERVISION
### CIVIL RIGHTS VIOLATION PURSUANT TO
### ARTICLE I, §§ 6, 7 & 8 OF THE IOWA CONSTITUTION
### (Against Defendants Wingert, Individually, and City of Des Moines, Iowa)

75. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

76. At all times material hereto, Defendant Wingert's actions and/or omissions were made under the color of authority as the Chief of Police and this Count is made against him in his individual capacity.

77. Defendants Wingert and City of Des Moines, Iowa are responsible for establishing, maintaining, and enforcing the official policies, procedures, patterns, practices, and/or customs of the Des Moines Police Department for use of pepper spray and use of force, generally.

78. Defendant City of Des Moines, Iowa is charged with the duty to ensure that its law enforcement officers are properly trained and supervised.

79. As Chief of Police, Defendant Wingert is ultimately responsible for the training and supervision of his officers.

80. Defendants violated Plaintiff's state constitutional rights by:

a. permitting City of Des Moines police officers to violate the constitutional rights of citizens;

  b. ratifying and approving the unlawful use of force against citizens;

  c. failing to enforce policies and implement policies preventing the unlawful use of force against citizens;

  d. tolerating, encouraging, and permitting collusive statements by involved officers in such situations;

  e. failing to adopt and enforce policies to document citizen interactions that do not result in arrest or citation;

  f. failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct;

  g. failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens;

  h. failing to train and/or supervise properly Defendant Dempsey in the constitutional requirements for use of pepper spray;

  i. failing to implement adequate maintenance training and properly focused maintenance training.

81. Defendants' policies, procedures, customs, and/or practices caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

82. The need for the aforementioned training and supervision was obvious and it was foreseeable that the inadequacy of Defendants' training and supervision was likely to result in the violation of constitutional rights.

83. Defendants demonstrated a deliberate indifference to and/or reckless disregard of Plaintiff's constitutional rights and those similarly situated to them.

84. Defendants' failure to train and supervise Defendant Dempsey caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

85. Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' violation of their constitutional right was oppressive, conniving, harsh, cruel, and/or tyrannical.

86. As a direct and proximate result of the Defendants' illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a. Deprivation of her constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c. Actual and Compensatory Damages;

    d. Punitive damages;

    e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f. Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

    f. Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    g. Compensation for violation of her constitutional rights, mental anguish, and humiliation;

    h. Plaintiff's cost in this action, including reasonable attorney's fees and costs;

    i. Punitive damages; and

    j. Any other relief the Court deems just and equitable.

## COUNT 7
## ASSAULT AND BATTERY
## (Against Defendant Daniel Dempsey)

87. Plaintiff incorporates the preceding paragraphs by reference as if each paragraph was set forth here.

88. Defendant Dempsey subjected Ms. Welch to contact of an insulting and provoking nature.

89. The actions of Defendant Dempsey were undertaken without the consent of Ms. Welch.

90. The intentional acts of Defendant Dempsey resulted in bodily contact with Ms. Welch that a reasonable person would deem insulting or offensive.

91. As a result of Defendant's acts and omissions, Ms. Welch has in the past and will in the future suffer injuries and damages.

92. The actions of Defendant Dempsey were willful, wanton, unlawful, and in gross disregard of Ms. Welch's civil rights, justifying an award of punitive damages.

93. Plaintiff hereby request reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE,** Plaintiff respectfully requests judgment against the aforementioned Defendant in an amount which will fully and fairly compensate her for her injuries and damages, including but not limited to compensatory and punitive, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff are entitled to a jury.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**

By: */s/ Gina Messamer*
Gina Messamer          AT0011823
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: gmessamer@parrishlaw.com
**ATTORNEY FOR PLAINTIFF**

**Original Filed.**